**CITY OF LAKE ST. LOUIS, Missouri, Plaintiff/Appellant,**

v.

**Dolph DAVIS, Defendant/Respondent.**

No. 59031.

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 10, 1991.

Rehearing Denied Oct. 16, 1991.

Jay Summerville, Ann E. Buckley, St. Louis, for plaintiff/appellant.

David C. Godfrey, Clayton, for defendant/respondent.

GRIMM, Presiding Judge.

In this injunction case, appellant City of Lake St. Louis sought to enjoin Dolph Davis, a City resident, from parking or storing his recreational vehicle in his driveway, in violation of a City ordinance. Mr. Davis contended he was not violating the ordinance because the ordinance contains an exception "in cases of emergencies," and his parking constitutes an emergency.

The trial court acknowledged that although this type of conduct violated the ordinance, Mr. Davis' use fell within the exception. We disagree; the trial court's judgment is reversed.

## I. Background

Prior to the institution of this action, City had cited Mr. Davis on four different occasions for parking a recreational vehicle on his driveway. Mr. Davis was found guilty on each occasion and fined. Mr. Davis continued to park his recreational vehicle on his driveway.

City sought to enjoin Mr. Davis from parking his recreational vehicle in a residential area between 9 p.m. and 9 a.m. "other than [in] an enclosed structure or covered carport." The action was based on LAKE SAINT LOUIS, MO., CODE § 76.-730.4:

> In areas zoned residential, the parking of commercial vehicles or recreational vehicles any place other than an enclosed structure or covered carport shall be unlawful between the hours of 9:00 p.m. and 9:00 a.m., except in cases of emergencies, or by permit as hereinafter provided.

Mr. Davis acknowledges his property is zoned residential, and he parks a 27–foot motor home on his driveway. Except when used on trips, the motor home has been parked continuously on the driveway, including from 9:00 p.m. to 9:00 a.m., since approximately 1985. The motor home is not parked in an enclosed structure or covered carport.

Mr. Davis contends, however, that he is not in violation of the ordinance. He argued to the trial court, and before us, that his "unique situation" brings him within the exception "in cases of emergencies."

The "unique situation" involves two components. First, his health. He has "a very bad heart," high blood pressure, diabetes, diverticulitis, and problems with his gall bladder, liver, and spleen. Second, on an average of once or twice a month, the electricity to his house goes off. When the electricity goes off, he uses the motor home. The motor home has a generator which provides electricity for heat or air conditioning.

No physician or medical person ever told Mr. Davis he needed to have a motor home. In fact, no one ever told him he needed a motor home.

The trial court found that Mr. Davis has a medical disability and "there have been electrical outages at his residence." It further found the "ordinance has a blanket exception for emergencies." The trial court found Mr. Davis used his motor home during the electrical outages and therefore Mr. Davis "falls within the category of an exception of the ordinance." The trial court then sustained Mr. Davis' motion for a directed verdict and dismissed City's petition.

## II. Emergency Exception

On appeal, City claims the trial court erred in granting Mr. Davis' "motion for directed verdict, because the evidence failed to establish that defendant's conduct fell within the exception in Ordinance 76.-730.4 for 'cases of emergencies' [because] there was no evidence that any 'emergencies' prevented defendant from complying

with the ordinance by parking his motor home in an enclosed structure or covered carport."

"When we construe an ordinance we attempt to effect the intent of the lawmakers. In doing so, we give the words used their ordinary meaning, consider the entire act and its purposes, and seek to avoid unjust, absurd, unreasonable, confiscatory or oppressive results." *City of Webster Groves v. Erickson*, 763 S.W.2d 278, 279 (Mo.App.E.D.1988), *cert. denied*, 493 U.S. 814, 110 S.Ct. 62, 107 L.Ed.2d 29 (1989).

We first look to the purpose of the ordinance. The purpose is to preserve the residential nature of the neighborhood, as well as to protect aesthetic interests. "To secure a prosperous, progressive community, ... people from other places must be attracted to locate there." 1 E. McQuillen, MUNICIPAL CORPORATIONS § 1.64 (rev. 3rd ed. 1987). In enacting this ordinance, the governing body could have reasonably determined that long-term parking of commercial vehicles or recreational vehicles on streets and driveways would not attract people to locate in City.

This interpretation is supported by the wording of the ordinance. Although the ordinance permits commercial vehicles and recreational vehicles to be parked in residential areas, they must be parked in an "enclosed structure or covered carport." Obviously, by parking in an enclosed structure or covered carport, the vehicles would not be as visible to the neighborhood. As a result, the neighborhood's residential nature would be enhanced and its aesthetic interests protected.

Turning to the ordinance, the restriction is not applicable "in the case of emergencies." The ordinary meaning of "emergency" is "an unforeseen combination of circumstances or the resulting state that calls for immediate action." Webster's Third New International Dictionary 741 (G. & C. Merriam Co. ed. 1976). See also Black's Law Dictionary, which defines "emergency" as "[a] sudden unexpected happening; an unforeseen occurrence or condition; perplexing contingency or complication of circumstances; a sudden or unexpected occasion for action; exigency; pressing necessity." BLACK'S LAW DICTIONARY 522–523 (6th ed. 1990).

Here, Mr. Davis' situation is not an emergency. His is not "an unforeseen combination of circumstances." To the contrary, Mr. Davis may not know when his electricity will go out, but he clearly recognizes, anticipates, and foresees his electricity will go out. Thus, this circumstance is not unforeseen.

Nor is the condition of his health unforeseen. He is aware of his health problems.

Thus, in considering both circumstances, Mr. Davis is able to foresee his situation and make plans to accommodate it. Consequently, the parking of the motor home does not fall within the ordinance's emergency exception.

We recognize that the trial court sustained Mr. Davis' motion for directed verdict. As a result, Mr. Davis did not present any evidence.

However, at oral argument, Mr. Davis' counsel was asked whether he would have presented any evidence. Counsel replied that he had "just medical" evidence. He would not present any other evidence. In view of this, remand would serve no purpose.

Rule 84.14 directs us to "give such judgment as the court ought to give" in order to "dispose finally of the case." Pursuant to this direction, Mr. Davis, as well as others on his behalf with actual notice, is enjoined from parking commercial vehicles or recreational vehicles, between 9:00 p.m. and 9:00 a.m., any place within the City which is zoned residential unless the commercial vehicles or recreational vehicles are in an enclosed structure or covered carport. Costs are assessed to Mr. Davis.

SATZ and CRANDALL, JJ., concur.